IN THE SUPREME COURT OF THE STATE OF DELAWARE

CHRISTOPHER WEST, § 
§ No. 44, 2014
Defendant Below, §
Appellant, § Court Below: Superior Court
§ of the State of Delaware in and
v. § for New Castle County
§
STATE OF DELAWARE, §
§
Plaintiff Below, § Cr. ID No. 1107001026
Appellee. §

Submitted: June 18, 2014
Decided: August 28, 2014

Before **STRINE**, Chief Justice, **RIDGELY** and **VALIHURA**, Justices.

**O R D E R**

This 28th day of August 2014, upon careful consideration of the appellant's brief under Supreme Court Rule 26(c) ("Rule 26(c)"), his attorney's motion to withdraw, and the State's response, it appears to the Court that:

(1) On August 15, 2011, the appellant, Christopher West, was indicted on two counts of Robbery in the First Degree, one count of Robbery in the Second Degree, and one count of Attempted Robbery in the First Degree. On January 9, 2012, West pleaded guilty to Robbery in the First Degree and Robbery in the Second Degree, and in return the State entered a *nolle prosequi* on the remaining counts in the indictment. Also, as part of the plea agreement, West agreed that he was eligible to be sentenced as a habitual offender under title 11, section 4214(a)

of the Delaware Code.[1]  On March 30, 2012, after a presentence investigation, the Superior Court declared West a habitual offender under section 4214(a) and sentenced him to a total of twenty-eight years at Level V suspended after twenty-five years for three years at Level IV suspended after six months for decreasing levels of supervision.

(2)    On February 27, 2013, West filed a *pro se* motion for postconviction relief under Superior Court Criminal Rule 61 ("Rule 61").  West alleged overlapping claims of ineffective assistance of trial counsel, involuntary guilty plea, and coerced confession.  Also, West alleged that his sentence under section 4214(a) was illegal.  West's postconviction motion was referred to a Superior Court Commissioner, who appointed counsel to represent West and directed that counsel file an amended postconviction motion.

(3)    On November 12, 2013, in lieu of an amended postconviction motion, West's counsel filed a motion to withdraw under Rule 61(e)(2).[2]  Counsel represented that he had reviewed the record and determined that there were no claims for postconviction relief that he could "ethically advocate" on behalf of

---

[1] *See* 11 Del. C. § 4214(a) (providing that any person who has been convicted of a felony three times "under the laws of this State, and/or any other state . . . and who shall thereafter be convicted of a subsequent felony of this State is declared to be an habitual criminal, and the court . . . may in its discretion, impose a sentence of up to life imprisonment upon the person").

[2] *See* Del. Super. Ct. Crim. R. 61(e)(2) ("If counsel considers the movant's claim to be so lacking in merit that counsel cannot ethically advocate it, and counsel is not aware of any other substantial ground for relief available to the movant, counsel may move to withdraw.")

West.[3]  West responded to his counsel's motion to withdraw, arguing that his involuntary guilty plea claim and illegal sentence claim "still have merit."

(4)  On December 12, 2013, the Commissioner issued a report making findings of fact and conclusions of law on West's involuntary guilty plea and illegal sentence claims.[4]  The Commissioner concluded that both claims were without merit and recommended that West's counsel should be granted leave to withdraw and that the postconviction motion should be denied.[5]  By order dated January 7, 2014, the Superior Court adopted the Commissioner's report and recommendation.  This appeal followed.

(5)  Not surprisingly, on appeal, West's counsel has filed a brief and a motion to withdraw under Rule 26(c) asserting that there are no arguably appealable issues.  West, through his counsel, has submitted several points for the Court's consideration.  The State has responded to West's points and has moved to affirm the Superior Court judgment.

(6)  When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), the Court must be satisfied that the appellant's counsel has made

---

[3] *Id.*

[4] *State v. West*, 2013 WL 6606833 (Del. Super. Comm'r Dec. 12, 2013).

[5] *Id.*

a conscientious examination of the record and the law for arguable claims.[6] The Court must also conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[7]

(7) On appeal, West raises the same claims that he raised in his postconviction motion, *i.e.*, ineffective assistance of trial counsel, involuntary guilty plea, coerced confession, and illegal sentence. West also raises two new claims that he did not raise in his postconviction motion.[8] Because West did not fairly present these arguments to the Superior Court, he may not rely upon them in this appeal, because he was given a fair opportunity by the Superior Court to explain the reasons why his claims had merit and thus a chance to articulate these claims in a timely way. Furthermore, his new claims lack any discernible merit and do not rise to the fundamental level necessary for us to allow West to raise them for the first time on appeal.[9]

---

[6] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

[7] *Id.*

[8] West's first new claim alleges that he was denied his "choice of counsel" because he was not made aware that his family had offered to pay for a private attorney. His second new claim challenges the veracity and reliability of information provided to the police by his mother and uncle.

[9] *See* Del. Supr. Ct. R. 8 ("Only questions fairly presented to the trial court may be presented for review; provided, however, that when the interests of justice so require, the Court may consider and determine any question not so presented.")

(8)     Having considered West's well-pled involuntary guilty plea and illegal sentence claims on appeal, we conclude that those claims are without merit on the basis of, and for the reasons provided in, the Commissioner's thorough and well-reasoned report and recommendation that was adopted by the Superior Court.[10]    Moreover, because a voluntary guilty plea constitutes a waiver of any alleged errors or defects occurring prior to the entry of the plea, we conclude that West's voluntary guilty plea acts as a waiver of his claim that his confession was coerced.[11]

(9)     In his postconviction motion, West alleged that his trial counsel was ineffective when he failed to file a motion to suppress and failed to keep West informed of discovery.  On appeal, West raises those allegations as well as a new allegation that his trial counsel was ineffective when he failed to review the police report.  Because West did not raise his new allegation of ineffective assistance of counsel in either his postconviction motion or when he was given a chance by the Superior Court to explain why he had meritorious claims despite his counsel's contrary view, he cannot raise it in this appeal.[12]

---

[10] *State v. West*, 2013 WL 6606833 (Del. Super. Comm'r Dec. 12, 2013).

[11] *See Foote v. State*, 2012 WL 562791 (Del. Feb. 21, 2012) (citing *Downer v. State*, 543 A.2d 309, 312-13 (Del. 1988)).

[12] Del. Supr. Ct. R. 8.

(10) West's pled allegations of ineffective assistance of counsel are without merit. To prevail on an ineffective counsel claim in the context of a voluntary guilty plea, West must demonstrate a reasonable probability that, but for his counsel's unprofessional errors, he would not have pleaded guilty but would have insisted on proceeding to trial.[13] West must also make, and substantiate, concrete claims of actual prejudice.[14] In the record before this Court, which reflects that the plea provided a substantial benefit to West, and that West discussed the plea extensively with his trial counsel and was satisfied with trial counsel's representation, West has not demonstrated that he was prejudiced by any alleged errors of his trial counsel.[15]

(11) Having carefully reviewed the parties' positions on appeal and the Superior Court record, the Court has concluded that West's appeal is wholly without merit and devoid of any arguably appealable issue. We are satisfied that West's counsel made a conscientious effort to examine the record and the law and properly determined that West could not raise a meritorious claim on appeal.

---

[13] *See Foote v. State*, 2012 WL 562791 (Del. Supr.) (citing *Albury v. State*, 551 A.2d 53, 60 (Del. 1988)).

[14] *Id.* (citing *Younger v. State*, 580 A.2d 552, 556 (Del. 1980)).

[15] *Accord Parisi v. State*, 2003 WL 21024621 (Del. May 5, 2003) (citing *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997) and *Downer v. State*, 543 A.2d 309, 312-13 (Del. 1988)).

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

/s/ Henry duPont Ridgely
Justice